UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W STEWART,<br><br>        Petitioner,<br><br>  v.<br><br>J. MACOMBER,<br><br>        Respondent. | Case No. 1:19-cv-00731-JDP (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ORDER VACATING SCHEDULING ORDER<br><br>ECF No. 5<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ECF No. 1 |

Petitioner Gregory W Stewart, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. We screened the petition and directed a response from the government. ECF No. 5. Petitioner then submitted a large pile of exhibits before the government responded to the petition. The exhibits from petitioner include his submissions in other habeas cases. As it turns out, petitioner has filed numerous other habeas cases over the years, and the court in those cases rejected the same habeas claims petitioner now raises in this case. Because the petition is an unauthorized successive petition, we lack jurisdiction to consider it. We will vacate the order requiring a response to the petition and recommend that the court dismiss the petition.

1

Due to its volume, the exhibit pile has not been filed on the docket, but it is stored in the file room of this court's Fresno Division. The fact that the exhibits have not been docketed does not preclude us from dismissing the case, because the pertinent opinions in petitioner's other cases are available to the public. *See Stewart v. Macomber*, No. 1:17-cv-1100, ECF No. 7 (E.D. Cal. Sep. 7, 2017) (Grosjean, J.); *Stewart v. Macomber*, No. 1:12-cv-594, ECF No. 9 (E.D. Cal. May 4, 2012) (Thurston, J.); *Stewart v. Macomber*, No. 1:09-cv-2212, ECF No. 10 (E.D. Cal. Mar. 4, 2010) (Thurston, J.). This court may take judicial notice of its own records in other cases. *See Chavez v. Robinson*, 817 F.3d 1162, 1166 (9th Cir. 2016).

**I.     Successive Petition**

A federal court has an independent duty to examine its jurisdiction. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013). Discharging that duty requires the court to ensure that an actual controversy exists at every stage of litigation. *See Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 903 F.3d 829, 838 (9th Cir. 2018). Here, we lack jurisdiction because petitioner has filed an unauthorized successive petition.

A federal court must dismiss a successive petition that raises the same claims as a prior petition. *See* 28 U.S.C. § 2244(b)(1). The court must also dismiss a successive petition raising a new claim unless the petitioner can show that the claim relies on (1) a new rule of constitutional law that applies retroactively or (2) a new fact not previously discoverable through due diligence. 28 U.S.C. § 2244(b)(2)(A)-(B). A court of appeals, not a district court, decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*See also Felker v. Turpin*, 518 U.S. 651, 656–57 (1996). Failure to obtain authorization from the appropriate court of appeals is a jurisdictional defect, and the district court presented with an unauthorized successive petition must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, petitioner challenges his 1994 conviction from the Merced County Superior Court for sale of a controlled substance. *See generally* ECF No. 1. Petitioner has sought federal habeas relief from this court in the past, challenging the same conviction. *See Stewart v. McGrath*, Nos. 1:00-cv-5452 (dismissed as untimely), 1:06-cv-1400 (dismissed as successive), 1:09-cv-685 (same), 1:09-cv-2212, 1:10-cv-954 (same), 1:11-814 (same), 1:12-cv-594 (same), 1:14-cv-266 (same), 1:15-cv-51 (same), 1:15-1592 (same), 1:16-cv-948, 1:16-cv-1428 (same), 1:17-cv-415 (same), 1:17-cv-683 (same), 1:17-cv-1100. This court has rejected the identical habeas claims petitioner raises now. *See* No. 1:17-cv-1100, ECF No. 7; No. 1:12-cv-594, ECF No. 9; No. 1:09-cv-2212, ECF No. 10. We lack jurisdiction to consider the petition, so we must dismiss the case.

## II. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find our decision debatable or conclude that the petition should proceed further. Thus, the court should decline to issue a certificate of appealability.

## III. Order

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

**IV.  Findings and recommendations**

We recommend that the petition be dismissed without prejudice and that the court decline to issue a certificate of appealability.  We submit the findings and recommendations to the U.S. District Court Judge who will be assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  July 2, 2019                              _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 202